IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
(Northern Division)

**TYRAN DOBBS**                        *
8105 Woodhaven Road
Rosedale, Maryland 21237               *

    *Plaintiff*                        *

v.                                     *

**SGT. THOMAS TOWNSEND**               *
Howard County Police Department
3410 Court House Drive                 *
Ellicott City, MD 21043
                                       *
**PFC MICHAEL PICKETT**                *
Howard County Police Department
3410 Court House Drive                 *
Ellicott City, MD 21043
                                       *
**PFC JAMES TIPPETT**                  *
Howard County Police Department
3410 Court House Drive                 *
Ellicott City, MD 21043
                                       *
**PFC BRIAN REGER**                    *
Howard County Police Department
3410 Court House Drive                 *
Ellicott City, MD 21043                *

    *Defendants*                       *     Civil Action No.

*     *     *     *     *     *     *     *     *     *     *     *     *

## <u>COMPLAINT AND DEMAND FOR JURY TRIAL</u>

NOW COMES Plaintiff Tyran Dobbs, by and through his undersigned counsel Anton L.

Iamele and IAMELE & IAMELE, LLP, who hereby sues Defendants Sergeant Thomas Townsend,

PFC Michael Pickett, PFC James Tippett and PFC Brian Reger and states as follows:

1

**Introduction**

1.      This is an action for monetary damages brought pursuant to 42 U.S.C. §§ 1983 and 1988, the Fourth and Fourteenth Amendments of the United States Constitution, the common law of the State of Maryland, and the Maryland Declaration of Rights against Defendants Sergeant Thomas Townsend, PFC Michael Pickett, PFC James Tippett, and PFC Brian Reger in their official and individual capacities. Jurisdiction is based upon 28 U.S.C. §§ 1331 and 1343, and on the pendent jurisdiction of this court to entertain claims arising under Maryland State law.

2.      It is alleged that the individual defendants named herein made an unreasonable seizure of the person of Plaintiff Tyran Dobbs, thereby violating his rights under the Fourth and Fourteenth Amendment of United States Constitution, as well as, the Maryland Declaration of Rights. It is further alleged that the defendants named herein employed unwarranted and excessive force in effecting the seizure at issue in this Complaint.

3.      Venue is proper under 28 U.S.C. § 1391 in that the Plaintiff resides in the State of Maryland, and the causes of action set forth in this Complaint concern events that occurred in Howard County, Maryland.

4.      On June 18, 2015 notice of the claims advanced herein was posted in accordance with Maryland's Local Government Tort Claims Acts to the Howard County Solicitor. A return receipt was issued establishing that said notice letter had been delivered to the County Solicitor on June 22, 2015.

**Parties**

5.      Plaintiff Tyran Dobbs is a citizen of the State of Maryland who presently resides at 8105 Woodhaven Road, Rosedale, Maryland 21237.

6.      At all times relevant to this Complaint, Defendant Sergeant Thomas Townsend was a duly authorized agent, servant, and/or employee of the Howard County Police Department

assigned to the Howard County Police Department Tactical Team located at 3410 Court House Drive, Ellicott City, Maryland 21043. At all times relevant to this Complaint, Defendant Sergeant Thomas Townsend was acting within the scope and course of employment as a member of the Howard County Police Department. He is sued in this case both independently and in his official capacity.

7.      At all times relevant to this Complaint, PFC Michael Pickett was a duly authorized agent, servant, and/or employee of the Howard County Police Department assigned to the Howard County Police Department Tactical Team located at 3410 Court House Drive, Ellicott City, Maryland 21043. At all times relevant to this Complaint, Defendant PFC Michael Pickett was acting within the scope and course of employment as a member of the Howard County Police Department. He is sued in this case both independently and in his official capacity.

8.      At all times relevant to this Complaint, PFC James Tippett was a duly authorized agent, servant, and/or employee of the Howard County Police Department assigned to the Howard County Police Department Tactical Team located at 3410 Court House Drive, Ellicott City, Maryland 21043. At all times relevant to this Complaint, Defendant PFC James Tippett was acting within the scope and course of employment as a member of the Howard County Police Department. He is sued in this case both independently and in his official capacity.

9.      At all times relevant to this Complaint, PFC Brian Reger was a duly authorized agent, servant, and/or employee of the Howard County Police Department assigned to the Howard County Police Department Tactical Team located at 3410 Court House Drive, Ellicott City, Maryland 21043. At all times relevant to this Complaint, Defendant PFC Brian Reger was

acting within the scope and course of employment as a member of the Howard County Police Department. He is sued in this case both independently and in his official capacity.

## Facts

10.     In February of 2015, Plaintiff Tyran Dobbs was living in a ground level apartment in a complex located at 9107 Town & Country Boulevard, Ellicott City, Maryland. His residence, identified as apartment "B", had two bedrooms, and a common area that opened onto rear patio by way of a sliding glass door.

11.     At all times relevant to this Compliant, Tom Dobbs (Plaintiff's father), Rodshell Ballew (Plaintiff's cousin) and Ms. Bellew's minor daughter were also residing at 9107 Town & Country Boulevard, Apartment B.

12.     On February 18, 2015, Plaintiff Tyran Dobbs was the victim of "swatting", a term used to describe the act of utilizing deception and trickery to entice an emergency service provider into dispatching an emergency response based on a false report of an ongoing incident. At approximately 4:12 pm, Zachary Lee and/or Robert Walker McDaid contacted authorities pretending to be Plaintiff Dobbs and falsely reported that Mr. Dobbs had weapons and was holding hostages at 9107 Town & Country Boulevard, Apartment B.

13.     This false report prompted a response from the Howard County Police Department and the Howard County Police Department Tactical Team. Defendants Townsend, Pickett, Tippett and Reger were members of this responding HCPD Tactical team.

14.     The HCPD Tactical team arrived at 9107 Town & Country Boulevard at approximately 4:16 pm.  The team quickly established a perimeter around the apartment building and positioned vehicles in a manner that allowed them to illuminate the central portion of the apartment.

15.    At the time of the HCPD Tactical team arrival, Plaintiff Dobbs and his girlfriend were sleeping in one of bedrooms in the apartment. Ms. Bellew was in the other bedroom. Ms. Bellew's minor daughter was located in the living room area of the apartment where she was utilizing an electronic device with headphones.

16.    There were no visible activities within the apartment that were indicative of an ongoing hostage situation, nor was there any observable behavior that might reasonably have been construed as ongoing criminal activity.

17.    The HCPD Tactical team determined that Ms. Bellew was present in the apartment and obtained her cellphone number while maintaining a perimeter around the apartment building.

18.    Member(s) of the HCPD Tactical team contacted Ms. Bellew on her cellphone and directed her to exit the apartment. In response, Ms. Bellew went to the living room to summon her daughter, gathered her own jacket and her daughter's jacket, and then voluntarily exited the apartment through the rear sliding glass door along with her daughter.

19.    Ms. Bellew observed members of the HCPD Tactical team, including what she perceived to be snipers, surrounding the apartment building.

20.    After exiting the apartment, Ms. Bellew was taken to the back of a police vehicle where she was debriefed by members of the HCPD Tactical team. Ms. Bellew advised the questioning police officers that Plaintiff Dobbs was not armed. She further advised the questioning police officers that no hostages were being held inside of apartment.

21.    When asked whether Plaintiff Dobbs had exhibited any unusual behavior during the day, Ms. Bellew responded in the negative. Ms. Bellew and her daughter reported that

5

Plaintiff Dobbs was present with his girlfriend in the other bedroom.  Ms. Bellew also advised the questioning officers that Plaintiff Dobbs had been sleeping throughout the afternoon.

22.     Ms. Bellew unequivocally denied the earlier telephonic reports of hostages, explosives, and/or guns being present within the residence.

23.     The HCPD Tactical team also obtained Plaintiff Dobbs' cellphone number. Following Ms. Bellew's interview, member(s) of the HCPD Tactical team placed a call to Plaintiff Dobbs. During the ensuing conversation, Plaintiff Dobbs was directed to exit the apartment complex through the sliding glass door and Plaintiff Dobbs indicated his agreement to comply with the directive.

24.     At approximately 6:46 pm on February 18, 2015, Plaintiff Dobbs walked from his bedroom toward the sliding glass door in an attempt to exit the apartment.

25.     Plaintiff Dobbs was not carrying any objects, nor was he acting in a manner that might reasonably have been perceived as an attempt to secret weapons on his person. Plaintiff Dobbs was readily visualized by HCPD Tactical team members as he was exiting the apartment and it was apparent that Plaintiff Dobbs was not armed.

26.     Plaintiff Dobbs had reached the sliding glass door threshold to the exterior of the apartment when, in the absence of any provocation, Defendant Townsend directed HCPD Tactical team members to fire their weapons at him.  Defendant Pickett heeded the directive and discharged his weapon at Plaintiff Dobbs.

27.     Plaintiff Dobbs was shot with rubber bullets in the chest and face. As a direct proximate result of the shooting, Plaintiff Dobbs suffered bruised lungs, a fractured rib, and numerous broken bones to the left side of his face that would require reconstructive surgery.

28.     Plaintiff Dobbs had not physically resisted police efforts, assaulted any member of the HCPD Tactical team, or otherwise acted in an overtly violent manner prior to the shooting.

29.     At no time during the events described above was Plaintiff Dobbs a threat to the safety of himself, the Howard County police officers responding to his residence, or any third person present in the vicinity.

30.     Plaintiff Dobbs had not committed any criminal offenses during the encounter with the HCPD Tactical team including the defendants identified herein.

31.     The force directed against Plaintiff Dobbs was undertaken without legal justification, proper authority and/or necessity and was therefore constitutionally inappropriate.

32.     Plaintiff Dobbs was incapacitated because of the shooting. He was subsequently lying prone on the ground and calling out in pain. Because Plaintiff Dobbs was obviously in need of medical attention, paramedics were called to the scene.

33.     While Plaintiff Dobbs was lying on the ground, the HCPD Tactical team determined that he was not armed or dangerous, and that no hostages were being or had been held in the apartment.

34.     Members of the HCPD Tactical team, including the named defendants herein, gathered and lingered in proximity to Plaintiff Dobbs without fear of physical injury, concern for the safety of any third persons, or any sense of exigency.

35.     Members of the HCPD Tactical team had no warrant allowing for the arrest of Plaintiff Dobbs, no probable cause supporting the arrest of Plaintiff Dobbs, and no legal cause or excuse to seize the person of Plaintiff Dobbs.

36.     Plaintiff Dobbs was nevertheless forcibly taken in to custody following the shooting. He was placed in handcuffs prior to the arrival of paramedics. The detention and

handcuffing were affected by Defendants Tippett, Reger, Townsend and Pickett. Plaintiff Dobbs remained in police custody and was handcuffed while he was being treated by paramedics and when he was later being transported to the hospital. He was finally released from custody as he was being triaged at the University of Maryland Shock Trauma Center.

37.     Plaintiff Dobbs was not formally charged with any crimes arising out of the February 18, 2015 incident.

38.     Zachary Lee has, in the context of a criminal plea agreement, acknowledged that he conspired with Robert McDaid to knowingly convey false and misleading information of an armed hostage situation that prompted the police response Plaintiff Dobbs' apartment.

39.     As a direct result of the above described actions by Defendants Townsend, Pickett, Tippett and Reger, Plaintiff Dobbs was caused to suffer grievous physical injuries along with physical pain and suffering; and has and will in the future suffer emotional trauma, mental anguish, fear, anxiety, embarrassment and continuing distress. Plaintiff Dobbs has suffered and will continue to suffer economic loss due to the sums of money spent to alleviate the injuries that were inflicted by the defendants named herein.

40.     In addition to the injuries described herein, Plaintiff Dobbs also suffered injuries and damages resulting from: (1) the violation of his well-established constitutional rights under the Fourth and Fourteenth Amendment of the United States Constitution to be free from an unreasonable search and seizure of his person; and (2) the violation of his constitutional rights under the Maryland Declaration of Rights clearly established and well settled state constitutional rights under the Maryland Declaration of Rights Articles 24 and 26 including, but not limited to: Freedom from the unreasonable seizure of his person; and Freedom from the use of excessive, unreasonable and unjustified force against his person; and (3) the loss of his physical liberty.

41.     Plaintiff Dobbs' injuries were incurred without fault or assumption of the risk on his part. Plaintiff Dobbs in no way consented to, provoked and/or contributed the actions of Defendants Townsend, Pickett, Tippett and Reger described herein.

42.     The actions of the Defendants Townsend, Pickett, Tippett and Reger violated the following clearly established and well settled federal and state constitutional rights of Plaintiff Dobbs: (1) Freedom from the unreasonable seizure of his person; and (2) Freedom from the use of excessive, unreasonable and unjustified force against his person.

### <u>COUNT I – BATTERY</u>
**(Plaintiff Tyran Dobbs v. Defendant Sergeant Thomas Townsend, Defendant PFC Michael Pickett, Defendant PFC James Tippett, and Defendant PFC Brian Reger)**

43.     Plaintiff Dobbs hereby incorporates Paragraphs 1 through 42 as if fully restated herein.

44.     Defendants Townsend, Pickett, Tippett and Reger engaged in intentional acts of unlawful conduct with Plaintiff Dobbs such that the Plaintiff sustained serious and permanent injuries.

45.     Defendants Townsend, Pickett, Tippett and Reger utilized unreasonable, unlawful, and excessive force by, among other things, shooting projectiles at Plaintiff Dobbs and subsequently detaining Plaintiff Dobbs.

46.     Plaintiff Dobbs in no way consented to the described contact by Defendant Officers Townsend and Pickett; in no way provoked, contributed to, or in any way presented just or reasonable cause for Defendants Townsend, Pickett, Tippett and Reger to act as they did; and did nothing to contribute to the unlawful touching that Defendants Townsend, Pickett, Tippett and Reger inflicted upon him.

47.     The conduct of Defendants Townsend, Pickett, Tippett and Reger was without

legal justification and was improperly motivated by ill will and actual malice, or alternatively

was undertaken with a gross disregard for Plaintiff Dobbs' safety and controlling policy, law and

constitutional limitations pertaining to the use of force.

48.     As a direct and proximate result of the batteries perpetrated Defendants

Townsend, Pickett, Tippett and Reger, Plaintiff Dobbs sustained significant injuries.

WHEREFORE, Plaintiff Tyran Dobbs hereby requests that this Honorable Court:

(A)     Award the Plaintiff actual, compensatory, and consequential damages in an

amount to be determined at trial against Defendants Sergeant Thomas Townsend, PFC Michael

Pickett, PFC James Tippett and PFC Brian Reger, jointly and severally;

(B) Award Plaintiff punitive damages in an amount to be determined at trial against

Defendants Sergeant Thomas Townsend, PFC Michael Pickett, PFC James Tippett and PFC

Brian Reger, jointly and severally;

(C) Award costs of this action to the Plaintiff;

(D) Award such other and further relief as this Court may deem just and appropriate.

## COUNT II-FALSE IMPRISONMENT
**(Plaintiff Tyran Dobbs v. Defendant Sergeant Thomas Townsend, Defendant PFC Michael Pickett, Defendant PFC James Tippett, and Defendant PFC Brian Reger)**

49.     Plaintiff Dobbs hereby incorporates Paragraphs 1 through 42 as if fully restated

herein.

50.     Defendants Townsend, Pickett, Tippett and Reger falsely imprisoned the Plaintiff

throughout the course of events described herein.  The instances of a false imprisonment include,

but are not limited to, the time periods during which Plaintiff Dobbs was held at gun point and

eventually show, handcuffed on the ground while waiting for paramedics following the shooting, and handcuffed in the ambulance during transport to the hospital.

51.     The actions of Defendants Townsend, Pickett, Tippett and Reger caused Plaintiff Dobbs to be unlawfully deprived of his liberty and incapable of seeking necessary medical attention.

52.     As a result of the unlawful conduct described herein, Plaintiff Dobbs was detained against his will and sustained significant injuries and damages described herein.

53.     The Defendants' actions demonstrate ill will, improper motivation, evil purpose, and/or actual malice, or alternatively with gross disregard for controlling policy, laws and constitutional restrictions.

54.     As a direct consequence in result of the acts of Defendants Townsend, Pickett, Tippett and Reger described herein, the Plaintiff suffered causally related injuries.

WHEREFORE, Plaintiff Tyran Dobbs hereby requests that this Honorable Court:

(A)     Award the Plaintiff actual, compensatory, and consequential damages in an amount to be determined at trial against Defendants Sergeant Thomas Townsend, PFC Michael Pickett, PFC James Tippett and PFC Brian Reger, jointly and severally;

(B) Award Plaintiff punitive damages in an amount to be determined at trial against Defendants Sergeant Thomas Townsend, PFC Michael Pickett, PFC James Tippett and PFC Brian Reger, jointly and severally;

(C) Award costs of this action to the Plaintiff;

(D) Award such other and further relief as this Court may deem just and appropriate.

**COUNT III – VIOLATION OF 42 U.S.C. 1983 –**
**FOURTH AND FOURTEENTH AMENDMENTS**
**(Plaintiff Tyran Dobbs v. Defendant Sergeant Thomas Townsend, Defendant PFC Michael Pickett, Defendant PFC James Tippett, and Defendant PFC Brian Reger)**

11

55.     Plaintiff Dobbs hereby incorporates Paragraphs 1 through 54 as if fully restated herein.

56.     At all times relevant to this Complaint Plaintiff Dobbs had rights afforded to him by the Fourth and Fourteenth Amendments to the United States Constitution not to have his person or property unlawfully searched, seized, or detained in an unreasonable manner; not to be deprived of his liberty without due process of the law; not to be subjected to excessive force during the course of a police encounter; not to be unreasonably denied necessary medical treatment; and not to be summarily punished.

57.      At all times relevant herein, Defendants Townsend, Pickett, Tippett and Reger were acting under the color of State and local law and as members of the Howard County Police Department, and accordingly their conduct triggers 42 U.S.C. §1983.

58.     Defendants Townsend, Pickett, Tippett and Reger actions and omissions deprived Plaintiff Dobbs of his clearly established and well-settled constitutional rights.

59.     Defendants Townsend, Pickett, Tippett and Reger knowingly acted to deprive the Plaintiff of his constitutional rights maliciously and with reckless disregard. Defendants Townsend, Pickett, Tippett and Reger also conspired with other members of the Howard County Police Department who were present on the scene to act in an unlawful manner that would violate the Plaintiff's Constitutional Rights.

60.     Plaintiff Dobbs claims damages for the injuries set forth above under 42 U.S.C. § 1983 against Defendants Townsend, Pickett, Tippett and Reger for violation of his constitutional rights under color of law.

WHEREFORE, Plaintiff Tyran Dobbs hereby requests that this Honorable Court:

(A)     Award the Plaintiff actual, compensatory, and consequential damages in an amount to be determined at trial against Defendants Sergeant Thomas Townsend, PFC Michael Pickett, PFC James Tippett and PFC Brian Reger, jointly and severally;

(B) Award Plaintiff punitive damages in an amount to be determined at trial against Defendants Sergeant Thomas Townsend, PFC Michael Pickett, PFC James Tippett and PFC Brian Reger, jointly and severally;

(C) Award costs of this action to the Plaintiff;

(D) Award the Plaintiff reasonable attorney's fees and costs incurred in pursuing this action, as provided under 42 U.S.C. §§ 1983 and 1988; and

(E) Award such other and further relief as this Court may deem just and appropriate.

### COUNT IV – VIOLATION OF
### MARYLAND STATE DECLARATION OF RIGHTS
**(Plaintiff Tyran Dobbs v. Defendant Sergeant Thomas Townsend, Defendant PFC Michael Pickett, Defendant PFC James Tippett, and Defendant PFC Brian Reger)**

61.     Plaintiff Dobbs hereby incorporates Paragraphs 1 through 60 as if fully restated herein.

62.     As a direct and proximate result of the actions and omissions of Defendants Townsend, Pickett, Tippett and Reger, described herein, all of which were committed under the color of their authority as members of the Howard County Police Department and while acting in the capacity of duly authorized police officer, Plaintiff Dobbs was deprived of rights and immunities secured to him under the Maryland Declaration of Rights – in particular, his right not to be subjected excessive force during the course of an ongoing arrest.

63.     As a direct consequence and result of the actions and omissions of Defendants Townsend, Pickett, Tippett and Reger described herein, Plaintiff Dobbs was deprived of his liberty; was caused to suffer physical injuries; lost time from his employment; and has suffered

13

and will continue to suffer economic loss due to the sums of money spent to alleviate the injuries that were inflicted by the Defendant.

WHEREFORE, Plaintiff Tyran Dobbs hereby requests that this Honorable Court:

(A)      Award the Plaintiff actual, compensatory, and consequential damages in an amount to be determined at trial against Defendants Sergeant Thomas Townsend, PFC Michael Pickett, PFC James Tippett and PFC Brian Reger, jointly and severally;

(B) Award Plaintiff punitive damages in an amount to be determined at trial against Defendants Sergeant Thomas Townsend, PFC Michael Pickett, PFC James Tippett and PFC Brian Reger, jointly and severally;

(C) Award costs of this action to the Plaintiff;

(D) Award the Plaintiff reasonable attorney's fees and costs incurred in pursuing this action, as provided under 42 U.S.C. §§ 1983 and 1988; and

(E) Award such other and further relief as this Court may deem just and appropriate.


Respectfully submitted,

IAMELE & IAMELE, LLP


_____- s-_____
Anton L. Iamele, Federal Bar No. 14845
201 North Charles Street, Suite 400
Baltimore, Maryland 21201
410-779-6160 (Telephone)
410-779-6161 (Facsimile)
aiamele@iamelelaw.com
*Counsel for Plaintiff, Tyran Dobbs*

14

## **PRAYER FOR JURY TRIAL**

Plaintiff hereby requests that all issues raised in this Complaint be decided by way of a

jury trial.


_____ - s - _____
Anton L. Iamele